**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| LaDEREK REYNOLDS, | ) | |
| (ID# 1945321) | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:14-CV-3719-K-BH |
| | ) | |
| DALLAS COUNTY JAIL | ) | |
| PSYCH DEPARTMENT, et al., | ) | **Referred to United States Magistrate** |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the application should be **DENIED**, and the case should be dismissed for failure to prosecute or follow court orders.

## I.  BACKGROUND

On October 17, 2014, the *pro se* prisoner plaintiff filed this civil rights action, using the standard form for prisoners filing a civil rights complaint under 42 U.S.C. § 1983. (*See* doc. 1.) Page two of the form specifically states:

**CHANGE OF ADDRESS**

It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion(s) for any other relief. Failure to file a **NOTICE TO THE COURT OF CHANGE OF ADDRESS** may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

*Id.* On October 20, 2014, the Court entered an order notifying the plaintiff that his motion to proceed *in forma pauperis* (IFP) was not complete that again specifically advised that he was required to notify the Court of any change of address, and that failure to do so could result in dismissal of the case. (*See* doc. 5.) On November 26, 2014, the Court entered an order granting the

plaintiff's motion to proceed *in forma pauperis* (IFP) that again specifically advised that he was required to notify the Court of any change of address, and that failure to do so could result in dismissal of the case.  (*See* doc. 13 at 2.)  On May 10, 2016, an order mailed to the address provided by the plaintiff was returned as undeliverable.  (*See* doc. 17.)  It appears that the plaintiff has changed addresses without notifying the Court as directed.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  The complaint form and the orders dated October 20, 2014 and November 26, 2014, all advised the plaintiff that failing to file a change of address could result in dismissal of this action.  Because he failed to follow a court order or otherwise show that he intends to proceed with his case, the plaintiff's case should be dismissed under Rule 41(b) for failure to prosecute or follow orders of the court.

## III.  RECOMMENDATION

The plaintiff's case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless he files a notice of change of address within the time for objecting to this recommendation or some other deadline set by the Court.

**SIGNED this 5th day of July, 2016.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

-2-

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE